IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

FRED CLOUD,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:22-00502

E. ROKOSKY, Warden,

    Defendant.

MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on February 9, 2024, in which he recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus without prejudice and dismiss this action from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Plaintiff filed objections to the PF&R.

At the time he filed his petition, on November 22, 2022, Cloud was an inmate at Federal Correctional Institution McDowell. See ECF No. 1.  He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he has been unlawfully denied the application of "earned time credits" under the First Step Act of 2018 ("FSA") because of his history of violence score.[1] According to Cloud, his score should be zero instead of two and that, with a zero history of violence score, his recalculated PATTERN score would make him eligible to have his earned time credits applied towards his early release.[2]

Magistrate Judge Tinsley recommended that Cloud's petition be dismissed without prejudice because:  1) his PATTERN score was not reviewable in habeas; and 2) his claim was not yet ripe for review.  In his objections, Cloud does not respond in a meaningful way to the PF&R's analysis of the ripeness issue but focuses instead on his argument that his claim is reviewable in habeas.

---

[1] The First Step Act "required the Attorney General to establish a 'risk and needs assessment system,' referred to as 'the System,' to be used as a classification tool to assess both a prisoner's risk of recidivism and the prisoner's risk of violent or serious misconduct."  Conley v. Healy, Case No. 5:24-cv-1430, 2025 WL 1509989, at *5 (N.D. Ohio May 28, 2025), report and recommendation adopted, 2025 WL 1736695 (N.D. Ohio June 23, 2025).

[2] "To accomplish the System's goals, the Bureau designed its Prisoner Assessment Tool Targeting Estimated Risks and Needs (PATTERN) system, which ultimately places a prisoner in one of four recidivism risk categories:  minimum, low, medium, or high." Conley, 2025 WL 1509989, at *5.

According to him, the court should "sway the BOP to credit him with FTC days/credits as if he were a LOW RISK LEVEL INMATE since the passing of the First Step Act of 2018, which he would have been had it not been for the two points for his 'HISTORY OF VIOLENCE.'"  ECF No. 19 at 6.

"Under the FSA, eligible inmates can earn time credits for successful participation in evidence-based recidivism reduction programs and productive activities.  See 18 U.S.C. § 3632(d)(4)(A).  These FSA credits can be applied toward earlier placement in prerelease custody, such as RRCs and home confinement, or toward early release to a term of supervised release.  See 18 U.S.C. § 3632(d)(4)(C)."  Rodriguez v. Hutchinson, C/A No. 1:24-5142-DCC-SVH, 2025 WL 889525, at *2 (D.S.C. Jan. 7, 2025), report and recommendation adopted, 2025 WL 888897 (D.S.C. Mar. 21, 2025).  "Importantly, while any inmate may earn time credits, only an inmate with 'low' and 'minimum' risk scores can have the credits applied toward prerelease custody or early transfer to supervised release."  Conley, 2025 WL 1509989, at *5.  The credits may be applied "toward prerelease custody or early transfer to supervised release . . . only if an eligible inmate has . . . [e]arned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of

imprisonment." Rodriguez, 2025 WL 889525, at *2 (quoting 28 C.F.R. § 523.44(b)).

At the time the PF&R was filed, Cloud's projected release date was December 25, 2029. See ECF No. 17 at 1. The PF&R noted that Cloud's release date likely reflected the provisional application of 365 days of credit towards his early release. See id. at 1-2 n.1. As the PF&R further noted, the BOP is permitted to apply time credits only once an inmate has earned enough credits to equal the remainder of his sentence. See id. at 12. Because Cloud had not yet earned enough credits, either for release or prerelease custody, to equal the remainder of his sentence, the PF&R found that Cloud's petition was not yet ripe for review. See id. at 15. Cloud conceded as much. See ECF No. 19 at 4 (arguing that, under his best case scenario, he would have 915 days of time credits). Therefore, his objections are **OVERRULED**.

Nor is there any merit to Cloud's claim that the court can force the BOP to recalculate his PATTERN score. "[T]he BOP's calculation of his PATTERN score is not reviewable." Workman v. FCI Beckley Warden, Case No. 5:24-cv-00556, 2026 WL 234511, at *5 (S.D.W. Va. Jan. 5, 2026), report and recommendation adopted, 2026 WL 232063 (S.D.W. Va. Jan. 28, 2026) (finding that petition was subject to dismissal where "[p]etitioner is essentially asking the

Court to order the BOP to correct or adjust his PATTERN score to reflect that he is a low recidivism risk so that his FSA credits can be applied to his sentence"). "Here, the BOP has discretion to determine how to calculate PATTERN scores and to decide which crimes are categorized as 'violent offenses' for that limited purpose. The Court's role does not extend to second-guessing or revising those determinations. To do so would impermissibly intrude upon the agency's delegated authority. The Court finds particularly persuasive the long line of cases, from many district courts across the country, denying habeas relief on similar grounds." Stewart v. Warden, FCI Danbury, 24-CV-1553 (VDO), 2025 WL 3180503, at *3 (D. Conn. Nov. 14, 2025).

In any event, Cloud was released from custody on July 16, 2025.[3] See BOP Inmate Locator, https://www.bop.gov/inmateloc/(searched by inmate name) (last visited March 24, 2026). For this reason, his petition should be dismissed as moot.

> Article III limits a federal court's jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2. But whether a suit is a "case" or "controversy" is not measured solely at the time the litigation began; instead, "an actual controversy must be extant at all stages of review." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). The doctrine of mootness establishes that federal courts lack jurisdiction "[w]hen a case or

---

[3] Cloud's sentence was commuted on January 21, 2025. See United States v. Cloud, Case No. 1:03CR486, 2025 WL 359288, at *2 n.1 (N.D. Ohio Jan. 31, 2025).

controversy ceases to exist—either due to a change in the facts or the law." Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017).  And a case or controversy ceases to exist "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Loc. 1000, 567 U.S. 298, 307 (2012) (internal quotations omitted).

Lopez-Sorto v. Garland, 103 F.4th 242, 248 (4th Cir. 2024); Plymail v. Mirandy, 8 F.4th 308, 314-15 (4th Cir. 2021) ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.")(internal quotations omitted).

"'[E]ffectual relief'" . . . turns on what relief the party is seeking." Lopez-Sorto, 103 F.4th at 248.  "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody challenged, without collateral consequences." Gross v. Unknown, Civil Action No. 7:22cv00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023); see also Lara v. Lefever, Case No. 1:22-cv-00588, 2023 WL 4782668, at *2 (S.D.W. Va. May 5, 2023), report and recommendation adopted, 2023 WL 4770116 (S.D.W. Va. July 26, 2023) ("[W]hen a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy."). "Two exceptions to the mootness doctrine have evolved:  (1)

collateral consequences; and (2) capable of repetition, yet evading review." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (internal quotations omitted).

Dismissal of plaintiff's application as moot is appropriate because plaintiff has already been released from his term of incarceration. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible to grant any effectual relief to plaintiff"); Wallace v. Jarvis, 423 F. App'x 328, 2011 WL 1355195, *1 (4th Cir. Apr. 11, 2011) ("While Wallace challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief."); Evora v. Johnson, Civil Action No. 3:09CV91-HEH, 2009 WL 1437592, *1 (E.D. Va. May 21, 2009) (dismissing as moot habeas petition where, having been released from custody, petitioner did not "attempt to demonstrate that the allegedly incorrect calculation [of time he was required to serve] inflicted any collateral consequences upon him"). Furthermore, plaintiff does not allege and the record does not reflect that he faces collateral consequences. Nor does it appear that the issues presented in Cloud's petition are capable of repetition yet evading review. See Green v. Kimberly, Case No. 1:23-cv-01355-LCB-HNJ, 2024 WL

–7–

3934212, at *7 (N.D. Ala. July 29, 2024, report and recommendation adopted, 2024 WL 3929881 (N.D. Ala. Aug. 23, 2024), (finding that "capable of repetition, yet evading review" exception to mootness doctrine did not apply to released inmate's § 2241 petition where there was no evidence that inmate would "demand proper application of FSA earned time credits in the future").

Accordingly, because no case or controversy presently exists in this case and no exception to the mootness doctrine applies, the court hereby **DISMISSES** as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is

not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 27th day of March, 2026.

ENTER:

David A. Faber
Senior United States District Judge